UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CODY MCCLAIN,

       Petitioner,

v.                                     Case No: 2:14-cv-530-FtM-29MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.
_____

## ORDER AND ORDER

Petitioner Cody McClain ("Petitioner" or "McClain"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") and memorandum of law (Doc. #2, "Memorandum") on August 26, 2014.[1] Pursuant to the Court's Order to respond and show cause why the

---

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Petition should not be granted (Doc. #7), Respondent filed a Limited Response (Doc. #8, Response) arguing that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d).² Respondent submits

---

² On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter
AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

exhibits (Exhs. 1-14) in support of the Response.  See Appendix of Exhibits (Doc. #10).  This matter is ripe for review.

Petitioner challenges his 2011 plea-based judgment of conviction for driving while license was cancelled, suspended, or revoked causing serious bodily injury or death entered by the Twentieth Judicial Circuit Court, Lee County, Florida (case number 09-cf-502).[3]  Petitioner was sentenced to a term of imprisonment on May 19, 2011.  Petition at 1; Response at 2.  Petitioner did not pursue a direct appeal.

Because Petitioner did not file a direct appeal, his judgment became final thirty days after judgment was filed, when his time expired to file a direct appeal, or on June 18, 2011, which fell on a Saturday, so the following Monday, June 20, 2011.  See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006)(recognizing a petitioner did not receive the benefit of the 90-day grace period to file a writ of *certiorari* to U.S. Supreme Court when the petitioner did not pursue an appeal to the state court of last resort); 28 U.S.C. § 2244(d)(stating the limitation period shall run from "the date on which the judgment became final by the

---

toward any period of limitation under this subsection.

[3]  Additionally, Petitioner pled guilty to driving while license suspended or revoked as a habitual offender as charged in case number 09-cf-078.  Pursuant to the plea terms, the State *nolle prossed* the remaining charges in case number 09-cf-502.

conclusion of direct review, or the expiration of the time for seeking such review."). In Florida, a notice of appeal must be filed within 30 days after the entry of the decision or judgment at issue. Fla. R. App. P. 9.140(b)(2); McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996).

Petitioner's conviction became final on **Monday, June 20, 2011**, which was <u>after</u> the April 24, 1996 effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **Wednesday, June 20, 2012.**[4] Consequently, the Petition filed in this Court on August 26, 2014, would be untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, **1163 days** of the federal limitations period elapsed before Petitioner filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.850 filed on January 25, 2013. See Exh. 6. However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.850 motion could not operate to toll the statute of

---

[4] Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

limitation.  See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled). Consequently, the subsequent motions for postconviction relief filed by Petitioner, whether timely filed under Florida law or whether properly filed, are inconsequential for purposes of determining the timeliness of the Petition *sub judice*.  "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006) (citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)). Thus, the instant Petition is due to be dismissed as untimely, unless Petitioner is entitled to equitable tolling.

The United States Supreme Court recognizes that AEDPA's statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Id. at 2562 (internal quotations and citations omitted).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence."  Id. at 2565.  Further, to demonstrate the

"extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner acknowledges that his Petition is untimely, but explains the untimeliness is a result of his transfers among Florida correctional facilities. Petition at 5. Specifically, Petitioner states that on May 27, 2011, he was transferred from DeSoto County to Hardee County; on June 30, 2011, he was transferred from Hardee County to Hendry County; and ultimately in January 2012, he arrived at the South Florida Department of Corrections Reception Center.

Respondent argues that Petitioner's transfers were insufficient to establish reasonable diligence. Response at 6. Respondent further contends that such transfers do not constitute extraordinary circumstances and to the contrary the appellate court had found such transfers are ordinary. Id. at 6 (citing Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007)).

The Court agrees with Respondent. Petitioner lists the dates of his transfer, but does not present sufficient facts for this Court to conclude that he is entitled to equitable tolling. Paulcin, 259 F. App'x at *1-*2 (citations omitted). Based upon

"extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011). The petitioner bears the burden of establishing that equitable tolling applies. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner acknowledges that his Petition is untimely, but explains the untimeliness is a result of his transfers among Florida correctional facilities. Petition at 5. Specifically, Petitioner states that on May 27, 2011, he was transferred from DeSoto County to Hardee County; on June 30, 2011, he was transferred from Hardee County to Hendry County; and ultimately in January 2012, he arrived at the South Florida Department of Corrections Reception Center.

Respondent argues that Petitioner's transfers were insufficient to establish reasonable diligence. Response at 6. Respondent further contends that such transfers do not constitute extraordinary circumstances and to the contrary the appellate court had found such transfers are ordinary. Id. at 6 (citing Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007)).

The Court agrees with Respondent. Petitioner lists the dates of his transfer, but does not present sufficient facts for this Court to conclude that he is entitled to equitable tolling. Paulcin, 259 F. App'x at *1-*2 (citations omitted). Based upon

the foregoing, the Court finds the Petition is time-barred and finds Petitioner has not demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 2254 Petition (Doc. #1) is **DISMISSED** with prejudice as time-barred.

2. The **Clerk of Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   11th   day of May, 2017.

*[signature: John E. Steele]*

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record